IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| AUGUSTUS HEBREW EVANS, JR., | § | |
| | § | No. 174, 2016 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: April 19, 2016
Decided: July 5, 2016

Before **STRINE**, Chief Justice; **VALIHURA**, and **SEITZ**, Justices.

## ORDER

This 5th day of July 2016, it appears to the Court that:

(1) On April 6, 2016, the appellant, Augustus Hebrew Evans, Jr., filed a "notice of interlocutory appeal" from the Superior Court's order dated March 2, 2016 and letter dated March 16, 2016, in Criminal Action No. 0609011528A. The March 2 order rejected Evans' sixth motion for postconviction relief. The March 16 letter advised Evans that while the March 2 order was on appeal,[1] the court was without jurisdiction to rule on several other applications filed by Evans.

---

[1] Evans filed an appeal from the March 2, 2016 order on March 11, 2016, in *Evans v. State*, Del. Supr. No. 121, 2016.

(2)     By Order dated December 1, 2015, this Court enjoined Evans from filing anything further related to Criminal Action No. 0609011528A unless the filing was accompanied by the Court's filing fee or a motion to proceed *in forma pauperis* in compliance with 10 *Del. C.* § 8803(e), and the motion was granted by the Court.[2]  When filing his "notice of interlocutory appeal" on April 6, 2016, Evans did not submit the filing fee or a motion to proceed *in forma pauperis* in compliance with 10 *Del. C.* § 8803.

(3)     On April 6, 2016, the Clerk issued a notice directing Evans to show cause why the appeal should not be dismissed based on this Court's lack of jurisdiction to entertain a criminal interlocutory appeal and for Evans' failure to pay the filing fee or file the motion to proceed *in forma pauperis*.[3]  On April 19, Evans filed a response to the notice to show cause and the motion to proceed *in forma pauperis*.  In his response to the notice to show cause, Evans argues that the March 16 letter is a final, appealable order, and that the appeal should not be dismissed.

(4)     Having considered Evans' response to the notice to show cause, his motion to proceed *in forma pauperis*, and the dictates of our December 1, 2015 Order, the Court concludes that Evans' "notice of interlocutory appeal" from the March 2 order and March 16 letter is not approved for filing and must be

---

[2] *Evans v. State*, 2015 WL 7758307, at *2 (Del. Dec. 1, 2015).
[3] Del. Supr. Ct. R. 29(b).

dismissed. The March 2 order was the subject of a prior appeal that was dismissed on April 1, 2016, when Evans failed to respond to a notice to show cause.[4] Evans cannot file a second appeal from the March 2 order. The March 16 letter advising Evans that the Superior Court was without jurisdiction to rule on his other applications while the March 2 order was on appeal is not a final, appealable order. This Court lacks jurisdiction to consider an interlocutory appeal in a criminal case.[5]

(5)  The Court received an undated letter from Evans on April 27, 2016 that contained obscene, insulting, and threatening language directed to the Justices of this Court. The letter was not docketed in any of Evans' cases but was referred to both the Capitol Police and the Department of Correction. Evans is notified that any similar future correspondence will result in sanctions against him, which could include monetary sanctions, loss of good time, and the filing of new criminal charges against him.

NOW, THEREFORE, IT IS ORDERED that Evans' appeal papers are stricken and this matter is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[4] *Evans v. State*, 2016 WL 2585786 (Del. April 1, 2016), *reh'g denied*, Del. Supr., No. 121, 2016 (April 21, 2016). By Order dated April 21, 2016, the Court denied Evans' motion seeking a rehearing *en banc* of the April 1 dismissal, ruling that even if Evans had filed a timely response to the notice to show cause, the Court would not have granted him leave to appeal the March 2 order.
[5] Del. Const. art. IV, § 11(1)(b).

3